UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VERA FIELDS,
    Plaintiff,

v.

WESTERN MASS. CREDIT CORP.,
    Defendant.

CIVIL ACTION NO.
3:05cv1909(SRU)

## RULING ON MOTION FOR SUMMARY JUDGMENT

On December 14, 2000, Vera Fields signed a promissory note with Sovereign Bank for $16,284.60 for the purchase of a Mitsubishi automobile. When Fields defaulted on the note, Sovereign Bank retained Western Mass. Credit Corp. ("Western Mass.") to collect the remaining debt of $7,297.65. On December 27, 2004, Western Mass. contacted Fields and demanded payment of $7,297.65 plus a fifteen percent "adjustment fee" of $1,094.65.

Fields brought this action, alleging that the addition of the fifteen percent fee violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* Fields subsequently filed a motion for partial summary judgment on the question whether the fifteen percent adjustment fee was permitted under the contract and/or under section 1692f(1). I conclude the fee is not permitted, and therefore grant summary judgment on Count 1, the FDCPA claim, in favor of Fields.[1]

**I.  Background**

The facts of this case are undisputed. In December 2000, Fields borrowed money from

---

[1] I deny the motion for summary judgment without prejudice with respect to Count 2, the CUTPA claim. In her summary judgment papers, Fields has not indicated why summary judgment is appropriate on the CUTPA claim.

Sovereign Bank to finance the purchase of a 1999 Mitsubishi from Shaller Motors in New Britain, Connecticut. Fields signed a promissory note with Sovereign Bank for $16,284.60. Fields later defaulted on the note and the car was repossessed. Instead of pursuing Fields's remaining debt itself, Sovereign Bank hired a licensed consumer collection agency, Western Mass. In exchange for it's debt collection services, Western Mass. received a commission of forty-five percent of the money recovered. Linda Lata Dep. at 27 (April 28, 2006).

On December 27, 2004, Western Mass. sent Fields a letter demanding payment of $7,297.65, the remaining sum owed to Sovereign Bank, plus an "adjustment fee" of $1,094.65. Western Mass. admits that the term "adjustment fee" is synonymous with "collection fee." Linda Lata Dep. at 32 (April 28, 2006). On December 14, 2005, Fields filed a two-count complaint against Western Mass. alleging that the defendant violated the FDCPA, and that the defendant committed unfair or deceptive acts or practices within the meaning of CUTPA.

On May 17, 2006, Fields filed a Motion for Summary Judgment regarding the issue of liability, alleging the fifteen percent adjustment fee was not permissible under either her contract or section 1692f. Fields's argument relies on two Connecticut statutes, section 36a-805(a) and section 36a-778. Section 36a-805(a) prohibits a debt collector from adding any fee or charge to the amount of the claim unless the debtor is "legally liable" therefor, and limits any such collection charge to fifteen percent of the amount actually collected on the debt. Section 36a-778 limits collection fees for "holders" of installment contracts to the lesser of five percent of the amount of the installment in default or ten dollars. Thus, Fields concludes, the lesser of these two amounts, in this case ten dollars, is the maximum collection fee allowed by law. In response, Western Mass. argues it is not a "holder" under section 36a-778, and is therefore only limited by

section 36a-805(a), allowing it to charge the additional fifteen percent. Although I agree that Western Mass. is not the "holder" of the contract, I conclude that it still cannot add a fifteen percent fee to the amount of Fields's debt.

## II. Standard of Review

Summary judgment is appropriate when the evidence demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

When ruling on a summary judgment motion, the court must construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *see also Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d. 520, 523 (2d Cir. 1992) (court is required to "resolve all ambiguities and draw all inferences in favor of the nonmoving party"), *cert. denied*, 506 U.S. 965 (1992). When a motion for summary judgment is properly supported by documentary and testimonial evidence, however, the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but rather must present significant probative evidence to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

"Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991), *cert. denied*,

502 U.S. 849 (1991); *see also Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir. 1992). If the nonmoving party submits evidence that is "merely colorable," or is not "significantly probative," summary judgment may be granted. *Anderson*, 477 U.S. at 249-50.

> The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

*Id.* at 247-48. To present a "genuine" issue of material fact, there must be contradictory evidence "such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248.

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. *Celotex*, 477 U.S. at 322. In such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23; *accord Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995) (movant's burden satisfied if he can point to an absence of evidence to support an essential element of nonmoving party's claim). In short, if there is no genuine issue of material fact, summary judgment may enter. *Celotex*, 477 U.S. at 323.

### III. Discussion

#### A. Background

Congress passed the FDCPA in 1977 as a response to widespread abusive debt collection practices, such as "debt collectors dunning the wrong person or attempting to collect debts

already paid, [and] threats and use of physical violence . . . ." Elizabeth Lea Black, *Construction and Application of Provision of Fair Debt Collection Practices Act Relating to Validation of Debts* (15 U.S.C.A. § 1692g), 150 A.L.R. FED. 101 (1998). At its heart, the FDCPA is a consumer protection statute, and violators are subject to strict liability. *Bently v. Great Lakes Collection Bureau, Inc.,* 6 F.3d 60, 63 (2d Cir. 1993). Thus, a single violation of section 1692e is sufficient to establish civil liability under the FDCPA. *See* 15 U.S.C. § 1692k (establishing civil liability for "any debt collector who fails to comply with any provision of this subchapter").

Generally, the FDCPA provisions are liberally construed in favor of consumers. *Cirkot v. Diversified Financial Systems, Inc.,* 839 F. Supp. 941, 944 (D. Conn. 1993). Thus, the most widely accepted test for determining whether a collection letter violates section 1692e is the "least sophisticated consumer" standard. *See, e.g.*, *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996); *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993); *Johnson v. NCB Collection Services*, 799 F. Supp. 1298, 1306 (D. Conn. 1992). The purpose of that standard is to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon,* 988 F.2d at 1318.

In this vein, the FDCPA establishes a general prohibition against the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of section 1692e provide a non-exhaustive list of practices that fall within this ban, including "[t]he false representation of the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A). Fields argues that the fifteen percent collection charge exceeds the statutory limit, and thus automatically violates this provision.

  B. <u>Analysis</u>

Like the language of section 1692e(2)(A), section 1692f prohibits, "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The Second Circuit has interpreted this to mean:

> [1.] If state law expressly permits service charges, a service charge may be imposed even if the contract is silent on the matter.
>
> [2.] If state law expressly prohibits service charges, a service charge cannot be imposed even if the contract allows it.
>
> [3.] If state law neither affirmatively permits nor expressly prohibits service charges, a service charge can be imposed only if the customer expressly agrees to it in the contract.

*Tuttle v. Equifax Check,* 190 F.3d 9, 13 (2d Cir. 1999).

The language of section 1692f requires inquiry into the language of the contract and applicable state law. Section 14 of the contract (the promissory note) entitled "Collection Costs" reads: "If I am in default under this note . . . and you give my note to an attorney or a collection agency for collection, I agree to pay the reasonable costs . . . as allowed by law." Promissory Note and Disclosures (Dec. 14, 2000) at 4. Through this section, Fields agreed to pay the reasonable costs of a collection agency, but only in an amount "allowed by law." Thus, the inquiry under the contract becomes: what amount is allowed by law?

Fields cites two provisions of Connecticut law, both from Chapter 669 of the Connecticut Banking Laws.

1. Conn. Gen. Stat. §36a-805(a) states:

> No consumer collection agency shall . . . (13) add any charge or fee to the amount of any claim which it receives for collection or knowingly accept for collection any claim to which any charge or fee has already been added . . . unless the consumer debtor is legally liable therefor, in which case, the collection charge or fee may not be in excess of fifteen per cent of the amount actually collected on the debt.

2. Conn. Gen. Stat. §36a-778 provides:

> The holder of any retail installment contract . . . shall not receive or collect any charges or expenses for delinquency and collection except as follows: . . . when such default has continued for a period of ten days, such charge not to exceed five per cent of the amount of the installments in default or the sum of ten dollars, whichever is the lesser. . . . In addition . . . , [the contract] may provide for the payment of attorney's fees not exceeding fifteen per cent of the amount due . . . when such contract is referred to an attorney, not a salaried employee of the holder of the contract, for collection . . . .

Fields argues that because both of these statutes are applicable, the one with the narrowest definition must hold, meaning she would only be liable for ten dollars under section 36a-778. Western Mass. agrees that these are the only applicable statutes, but argues it does not qualify as a "holder" under section 36a-778, and thus it falls under the broader of the two statutes, section 36a-805(a), which entitles it to apply a fifteen percent charge to Fields's original debt.

"Holder" is defined in section 36a-596(2) as, "a person, other than a purchaser, who is either in possession of a Connecticut payment instrument and is the named payee thereon or in possession of a Connecticut payment instrument issued or endorsed to such person or bearer or in blank." I agree that Western Mass. is not the holder of the debt in this case.

That conclusion does not help Western Mass., however, because, under section 36a-805(a)(13), it can only collect sums Fields is "legally liable" to pay Sovereign. Western Mass.

has no agreement with Fields that would make her legally liable for collection costs, and the statute prohibiting a collection agency from adding any charge or fee to the amount of any claim certainly does not authorize Western Mass. to collect amounts that Fields is not liable to pay Sovereign. Section 36a-778 limits Fields's liability to Sovereign for collection costs to ten dollars per delinquency. The agreement that Sovereign entered into with Fields provides for Fields to pay the costs of collection, but only to the extent "allowed by law," i.e., the ten dollars per delinquency. Thus, because neither any agreement nor any statute authorized it to do so, Western Mass. could not legally add a fifteen percent fee to the amount of the claim it was collecting on Sovereign's behalf.

The result just described is fully consistent with the statutory scheme governing installment loan contracts.[2] Section 36a-778, which is the section that imposes the ten dollars per delinquency limit on collection costs, exempts from that restriction "expenses permitted under section 36a-785." In section 36a-785, the legislature has set out a comprehensive scheme for foreclosure of installment loan contracts and the repossession of the goods in which the holder of the loan has taken a security interest, in this case, the automobile Fields financed through the loan from Sovereign. Section 36a-785(g) provides that the holder of an installment loan contract can collect from the buyer as a deficiency the difference between the value of the motor vehicle repossessed and the total of the amount owed under the contract plus the reasonable expenses of

---

[2] An "installment loan contract" is defined by Conn. Gen. Stat. § 36a-770(c)(7) to include: "any agreement made in this state to repay in installments the amount loaned or advanced to a retail buyer for the purpose of paying the retail purchase price of goods by virtue of which a security interest . . . is taken in the goods for the payment of the amount loaned or advanced." Loans made to finance the purchase of an automobile, like the loan in this case, are classic examples of installment loan contracts.

retaking possession. In short, in the case of a retail installment loan contract for the purchase of an automobile, the legislature has provided a mechanism for protecting the holder of the installment loan contract against loss, while limiting the amount of financial penalties for delinquency. Section 36a-778 does permit installment loan contracts to provide, in addition to the statutorily permitted delinquency and collection charge of ten dollars, that the buyer shall be liable "for the payment of attorney's fees not exceeding fifteen per cent of the amount due and payable under such contract when such contract is referred to an attorney . . . for collection . . . ." To permit a collection agency to add a fifteen percent fee to the amount owed to the holder of an installment loan contract for collection fees, rather than attorney's fees, would run counter to the statutory scheme set forth in Part XI of Chapter 669, governing retail installment sales financing.

**IV. Conclusion**

For the foregoing reasons, Field's motion for Summary Judgment (**doc. #11**) is **GRANTED in part, and denied, without prejudice, in part**. Summary judgment on liability shall enter in favor of Fields and against Western Mass. on Count 1 of Field's complaint; the motion for summary judgment as it relates to Count 2 is denied, without prejudice.

It is so ordered.

Dated at Bridgeport, Connecticut, this 22nd day of March 2007.

/s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge